## <u>QUESTIONS FOR THE COURT'S GENERAL VOIR</u>

## <u>DIRE OF THE JURY</u>

The defense respectfully requests, pursuant to Federal Rule of Criminal Procedure 24(a), that the Court consider the following matters and include the attached questions in its general voir dire for the jurors, to ensure the defendant's ability to effectively exercise his challenges for cause and peremptory challenges.

## <u>Preliminary Statement</u>

The defense respectfully requests that the Court begin by providing the venire with information about the safety protocols in place in the courthouse and about the specifics of what jury service at this time will entail, including:

- All persons in the courthouse must be masked at all times, including while using the restrooms.  The only exception will be for a testifying witness, who will wear a clear face shield.
- All persons in the courthouse must maintain 6 feet of social distance from one another at all times.
- All persons entering the courthouse will be asked about COVID-19 symptoms and have their temperature taken each day.
- Courthouse staff will clean all surfaces in the courtroom and other areas used by jurors every day.
- The courthouse has had an expert epidemiologist and an HVAC expert inspect the courthouse and has followed their directions in how to make the courtroom and the courthouse as safe as possible for jury trials.
- This particular trial is expected to last approximately one week once it begins.  The Court will not sit on Wednesday, November 11, which is Veterans' Day.  The Court will sit for fewer hours than usual but also take fewer breaks in order to minimize people coming and going.  Specifically, the Court plans to sit each day from approximately X AM to Y PM.
- The jury will consist of 12 jurors and 6 alternates.  In addition to the jury, the judge, the judge's deputy, the court reporter, the defense, the government, and court security officers will all be present in the courtroom each day.  This means there will be approximately 30 people in the courtroom throughout the trial.
- Witnesses will include NYPD officers who work on the street in Queens every day.
- Jurors will be provided with lunch by the Court and asked to remain in the courthouse to eat lunch.
- While jurors cannot ordinarily keep their cellphones while in the courthouse, given the current pandemic, the Court will permit jurors to keep their cellphones during the trial, with all sounds and notifications turned off, so that if jurors need to check on the status of a family member during the trial they will be able to do so at a break.  You may not

look up anything or anyone related to this case on your phone and you may not email or message anyone about this case.

We further respectfully request that in the general voir dire of the jury panel the Court include the following questions, the majority of which are open-ended questions. In answering open-ended questions, the jurors will be able to formulate and express their views in their own words, rather than being guided by the Court's expectations (*e.g.*, if asked "The defendant has a right to remain silent and it is unconstitutional to hold it against him if he does not testify.  Would anyone hold it against him if he does not testify?"). The prospective jurors' answers to open questions will be more helpful to the Court and the parties than closed, directive questions in uncovering prejudice, whether conscious or unconscious. The Supreme Court has recognized that "the juror's assurances that he is equal to [the] task cannot be dispositive." *Murphy v. Florida*, 421 U.S. 794, 800 (1975). Ultimately, conducting voir dire with open-ended questions helps assure an unbiased and non-prejudiced jury. *Swain v. Alabama*, 380 U.S. 202, 218-20 (1965); *see also see also United States v. Denno*, 313 F.2d 364, 372 (2d Cir.) (en banc), cert. denied, 372 U.S. 978 (1963) (on the facts of the case, "merely going through the form of obtaining jurors' assurances of impartiality is insufficient.")

While we understand it may be impracticable to ask every potential juror each question, we request that the Court ask every potential juror at least one open-ended question eliciting a narrative response. To the extent that the Court determines that it is also appropriate to ask close-ended questions, we propose several close-ended questions as well.  We ask, however, that the Court not ask questions in the form of "Would anyone not be able to follow the Court's instructions that …" because this form makes it very difficult for jurors to say "yes", because doing so presumes that one won't follow court instructions.

We have included so many COVID-19 specific questions because of a fear that jurors may hesitate to express their concerns to the Court, or have a difficult time picturing in the abstract what jury service at this time entails.  Our concern is that jurors might initially say they are fine with serving, but then grow worried and rush to a verdict.

## REQUESTS FOR VOIR DIRE

### COVID-19 Related Questions

1. Have you had COVID-19?

2. Have you been exposed to anyone with COVID-19?

3. On a scale of 1-10, with 1 being no fear and 10 being extreme fear, what level of fear do you currently have regarding the global COVID-19 pandemic?

4. Is anyone in your family or with whom you have had contact recently currently in quarantine either voluntarily or under orders of a doctor or some other authority?

5. Are you feeling ill today?

6. When was the last time you left New York City? Where did you go?

7. Do you have any medical diagnoses which put you in a high-risk category of contracting or experiencing complications or death from COVID-19?

8. Do you live with anyone that is in a high-risk category of contracting or experiencing complications or death from COVID-19?

9. Do you believe that you are at a greater risk of contracting the coronavirus by being in this courthouse?

10. Does the sound of someone in the room coughing or sneezing trigger any concerns that you might contract the coronavirus from them?

11. If you were compelled to come into the courthouse or sit on the jury, how afraid would you be on a scale of 1-10, with 1 being no fear and 10 being extreme fear that you would expose other people in your household to the COVID-19 virus?

12. Do you believe it is safe to hold jury trials at this time?

13. Would you blame Mr. Shipp or the government for having to attend a trial during the COVID- pandemic?

14. Currently, how frequently do you take public transportation?

15. Generally, how do you feel about taking public transportation?

16. How do you feel about interacting with others without knowing specifics regarding their social distancing practices?

17. Are you willing to abide by any rules the Court provides regarding social distancing during trial if you are selected as a juror?

18. Are you willing to abide by any rules the Court provides regarding wearing a face mask during trial if you are selected as a juror?

19. Do you believe that it is your place to notify the Court if you observe a fellow juror outside of the Courthouse not following social distancing instructions?

20. Are you willing to notify the Court immediately if, during trial, you feel ill OR are exposed to anyone feeling ill?

21. Would you feel pressure to reach a verdict quickly to avoid exposure to COVID-19?

22. Would you feel tempted to answer voir dire questions in a way that assures you will not be seated on the jury?

23. Would you be distracted during the trial by a fear of contracting COVID-19?

24. Would you tell the Judge if you begin experiencing symptoms during the trial?

25. Have you protested any "stay-at-home" orders or mask mandates issued in your community or the United States?

26. How do you feel about the protests in New York City and any COVID-19 related risks that they may present?

27. Have you made statements on any social media (Facebook, Instagram, Twitter, etc.) related to the COVID-19 crisis? If yes, what were your statements?

28. If you see a person incorrectly wearing a mask in a public place, such as the grocery store or train, what are your thoughts about that person?

29. If you see a person in a public place and he or she is not wearing a mask, what are your thoughts about that person?

30. If you are in a store and a person is not standing 6 feet away from you, what, if anything, do you say or do?

31. Should wearing a mask in public be a personal choice? Why or why not?

32. Have you recently experienced a change in your employment status?

33. If you have children, do you have arrangements for child care? If so, what are they?

**General Questions**

1. When you walked into Court today and heard what the charges were, what were your initial thoughts?
2. When you walked into the courtroom today, what did you think when you saw Mr. Shipp sitting at the defense table?
3. What newspapers, podcasts, radio stations, or news channels do you typically read, listen to and / or watch?
4. Are you affiliated with any professional or social organizations related in any way to the criminal justice system, including organizations for crime prevention or victims' rights?
5. When you hear the phrase "Black Lives Matter," what do you think?

**Connections to Law Enforcement**

1. What is your general opinion of law enforcement officers? What is this opinion based on?
2. Do you personally know any current or former police officers? If so, how?
3. Do you personally know any probation officers, correction officers, or parole officers? If so, how?
4. What have been your interactions with law enforcement officers? What do you know about your friends' and family's interactions?
5. What do you think when you hear the phrase "law and order"?

**Testimony from Law Enforcement**

1. Do you think testimony from law enforcement is more likely to be reliable, compared to the testimony of an average person? What about more honest or trustworthy?
2. How reliable do you feel the judgments and observations of a federal agent or police officer are in comparison with your own? How much credit do you feel their testimony should be given?

**Experience with Forensic Science**

1. Have you or anyone of your close family members or friends worked in or studied in the field of forensic science? If so, what field?

**Firearms**

1. You have heard what the charges are – Felon in Possession of a Firearm and Felon in Possession of Ammunition. Do you have strong feelings about firearms that could impact your ability to sit on this jury?
2. Are you a member of a group that advocates for stricter gun control laws?
3. The allegations in this case involve allegations related to a shooting. How, if at all, has the news about shootings in New York City impacted you?  Do you think your opinion could impact your ability to sit on this jury?

**Presumption and Prior Conviction**

1. A basic constitutional presumption is that every person charged with a crime is presumed innocent of that crime until proven guilty beyond a reasonable doubt. This does not change because someone has been found guilty of a prior crime. You will hear that Mr. Shipp was previously found guilty of a crime punishable by more than one year. Will you have difficulty applying the presumption of innocence to this case because Mr. Shipp has a previous conviction?
2. When you hear the word "felon," what is your immediate reaction?

**Questions Relating to the Duty of a Juror**

1. In a criminal case, the defendant need not prove anything; rather the government has the burden of proving a defendant's guilt beyond a reasonable doubt. How do you feel about the fact that the defendant does not have to present any evidence while the government has to prove guilt beyond a reasonable doubt?

2.  The burden of proving guilt beyond a reasonable doubt is a much higher standard than proving liability, or responsibility, in a civil case. How do you feel about the fact that the burden of proof is greater in a criminal case than a civil case?

3.  If the government failed in its burden of proving guilt beyond a reasonable doubt, how would you discuss with other jurors, your obligations to find the defendant not guilty?

4.  Mr. Shipp has the right under the U.S. constitution to remain silent throughout his trial and not to testify. What would you think if Mr. Shipp chose not to testify?

5.  If during deliberations, a majority of the jurors believed that the defendant was guilty but you were in the minority that believed that the government had not proven his guilty beyond a reasonable doubt, what would you do?

Dated: October 9, 2020
      Brooklyn, New York

                             Respectfully submitted,

                             Ashley M. Burrell
                             Deirdre D. von Dornum

                        By:          /s/
                        Federal Defenders of New York
                        Attorneys for Alonzo Shipp
                        (718) 407-7408/330-1210