UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

− − − − − − − − − − − − − − − − − − X

UNITED STATES OF AMERICA

    - against -                        No. 19-CR-029 (S-1) (RPK)

ALONZO SHIPP,

                Defendant.

− − − − − − − − − − − − − − − − − −X


## JOINT REQUESTS TO CHARGE
## AND PROPOSED VERDICT FORM


SETH D. DᴜCHARME
ACTING UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Philip Pilmar
Michael W. Gibaldi
Assistant U.S. Attorneys
    (Of Counsel)

Ashley M. Burrell
Deirdre D. von Dornum
Federal Defenders of New York
One Pierrepont Plaza
16th Floor
Brooklyn, NY 11201
Attorneys for Alonzo Shipp

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................... 1

JOINT REQUEST NO. 1 (General Requests)........................................................... 2

JOINT REQUEST NO. 2 (The Superseding Indictment) ........................................ 3

JOINT REQUEST NO. 3 (Knowing and Intentional Conduct) ............................... 4

JOINT REQUEST NO. 4 (Felon in Possession) ...................................................... 5

JOINT REQUEST NO. 5 (Testimony of Law Enforcement Witnesses) ............................... 11

JOINT REQUEST NO. 6 (Stipulation of Facts) .................................................... 12

JOINT REQUEST NO. 7 (Expert Witness) ........................................................... 13

JOINT REQUEST NO. 8 (Defendant's Right Not to Testify) (If Applicable)...................... 14

JOINT REQUEST NO. 9 (Testimony of Defendant) (If Applicable).................................. 15

JOINT REQUEST NO. 10 (Impeachment of Defendant – Previous Conviction)

(If Applicable)............................................................................................................. 16

JOINT REQUEST NO. 11 (Redactions) (If Applicable) ....................................... 17

JOINT REQUEST NO. 12 (Limiting Instruction on Prior Felony Conviction

To Be Given At The Time The Stipulation Regarding The Prior Felony Conviction

Is Entered Into Evidence) ...................................................................................... 18

GOVERNMENT REQUEST NO. 1 (Reasonable Doubt) ..................................... 19

GOVERNMENT REQUEST NO. 2 (Direct and Circumstantial Evidence)......................... 20

GOVERNMENT REQUEST NO. 3 (Purpose of the Statute)................................. 22

GOVERNMENT REQUEST NO. 4 (Specific Investigative Techniques Not Required)

(If Applicable)..................................................................................................... 23

GOVERNMENT REQUEST NO. 5 (All Available Evidence Need Not Be Produced) ....... 24

GOVERNMENT REQUEST NO. 6 (Uncalled Witnesses Equally Available to Both Sides)

(If Applicable)..................................................................................................... 25

GOVERNMENT REQUEST NO. 7 (Interview of Witnesses) (If Applicable) .................... 26

DEFENSE REQUEST NO. 1 (Direct and Circumstantial Evidence) ................................... 27

DEFENSE REQUEST NO. 2 (Reasonable Doubt) ............................................................... 30

DEFENSE REQUEST NO. 3 (Missing Witness Not Equally Available to Defendant)

(If Applicable)..................................................................................................... 31

DEFENSE REQUEST NO. 4 (Impermissible to Infer Participation From Mere Presence).. 32

DEFENSE REQUEST NO. 5 (Uncharged Acts) (If Applicable).......................................... 33

DEFENSE REQUEST NO. 6 (Impeachment by Felony Conviction – Non Defendant)

(If Applicable)..................................................................................................... 34

DEFENSE REQUEST NO. 7 (Guilt or Innocence) .............................................................. 35

DEFENSE REQUEST NO. 8 (Limiting Instruction on Government Allegation That

Mr. Shipp Committed A Shooting) ....................................................................... 36

PROPOSED VERDICT FORM ........................................................................................... 37

CONCLUSION.................................................................................................................... 38

PRELIMINARY STATEMENT

   The parties respectfully request that the Court include the following instructions in its charge to the jury in this case, and request leave to offer such other instructions as may become appropriate during the course of the trial.  The parties first provide all jointly-agreed upon instructions (with the defendant's proposed additions and deletions to the government's proposed language noted in redline or a footnote).  The parties then provide those instructions as to which they disagree.  Prior to the Court finalizing its instructions, we respectfully seek an opportunity to explain any objections that remain and to request modifications or additional instructions based on how the evidence comes in at trial. In addition, the defense respectfully requests permission to submit a "theory of defense" charge prior to the charging conference.

1

JOINT REQUEST NO. 1
(General Requests)

The parties request that the Court give the pattern instructions from Sand's

Modern Federal Jury Instructions on the following subjects:

      (a)     Function of the Court and the Jury (Instr. 2-2, 2-3);

      (b)     Contact with Others (Instr. 2-21);

      (c)     Jury Communications with Lawyers and the Court (Instr. 1-1, ¶ 6);

      (d)     Equality of the Prosecution and the Defense before the Court (Instr. 2-5);

      (e)     Presumption of Innocence and Burden of Proof (Instr. 4-1);

      (f)     Indictment Is Not Evidence (Instr. 3-1);

      (g)     Permissible Inferences Drawn from the Evidence (Instr. 6-1);

      (h)     Objections;

      (i)     Credibility of Witnesses and Discrepancies in Testimony (Instr. 7-1);

      (j)     Interest in Outcome (Instr. 7-3);

      (k)     Approximate Dates (Instr. 3-12);

      (l)     Punishment of the Defendant (Instr. 9-1);

      (m)     Questioning Wisdom of Law or Basing Verdict on Sympathy or Prejudice Prohibited (Instr. 2-11, 2-12);

      (n)     Venue (Instr. 3-11);

      (o)     Duty to Consult; Need for Unanimity; Deliberations (Instr. 9-7);

      (p)     Jury's Right to See Exhibits and Have Testimony Read During Deliberations (Instr. 9-3); and

      (q)     Submitting the Indictment (Instr. 9-4)[1].

---

[1] The defendant objects to the jury receiving the Superseding Indictment, since it is not evidence, but requests this instruction in the event the Court decides to provide the Superseding Indictment to the jury.

JOINT REQUEST NO. 2
(The Superseding Indictment)

The defendant[2] is formally charged in a Superseding Indictment.  As I instructed you at the beginning of this case, the Superseding Indictment is a charge or accusation.  It is simply the procedural means by which this criminal case was commenced. It is not itself evidence.  It does not create any presumption nor permit any inference that the defendant is guilty.

The Superseding Indictment in this case has two separate counts, and you will be called upon to render a separate verdict on each.  Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict on the other offense.  The first count charges the defendant with possession of a firearm after having been convicted of a felony.  The second count charges the defendant with possession of ammunition after having been convicted of a felony.

---

[2] The defense asks that the Court refer to Mr. Shipp by name rather than as "the defendant" throughout the Court's instructions.

3

JOINT REQUEST NO. 3
(Knowing and Intentional Conduct)

As a general rule, the law holds individuals accountable only for conduct in which they intentionally engage.  Thus, before you can find the defendant guilty of the crime charged, you must be satisfied that he was acting knowingly and intentionally.

A person acts knowingly if he acts voluntarily and intentionally and not because of ignorance, mistake, or accident.  A person acts intentionally if he acts with the specific intent to do something that the law forbids.  The person need not be aware of the specific law or rule that his conduct may be violating.  But he must act with the specific intent to do whatever it is the law forbids.

These issues of knowledge and intent require you to make a determination about a defendant's state of mind, something that rarely can be proved directly.  A wise and careful consideration of all the circumstances before you, however, may permit you to make a determination as to a defendant's state of mind.  Indeed, in your everyday affairs, you are frequently called upon to determine a person's state of mind from his words and actions in a given set of circumstances.  You are asked to do the same here.

Authority

Charges of Hon. Brian M. Cogan, United States v. Houston, 08-CR-457 (E.D.N.Y.); and Hon. John Gleeson, United States v. Bennett, 95-CR-1190 (E.D.N.Y.).

4

JOINT REQUEST NO. 4
(Felon in Possession)

Count One of the Superseding Indictment charges the defendant with

knowingly and intentionally possessing a firearm after having been convicted of a felony.

Specifically, Count One of the Superseding Indictment charges as follows:

> On or about July 20, 2018, within the Eastern District of New
> York, the defendant ALONZO SHIPP, knowing that he had
> previously been convicted in a court of a crime punishable by a
> term of imprisonment exceeding one year, did knowingly and
> intentionally possess in and affecting commerce a firearm, to
> wit: a Sig Sauer 9mm handgun.

Count Two of the Superseding Indictment charges the defendant with knowingly and

intentionally possessing ammunition after having been convicted of a felony.  Specifically,

Count Two of the Superseding Indictment charges as follows:

> On or about July 20, 2018, within the Eastern District of New
> York, the defendant ALONZO SHIPP, knowing that he had
> previously been convicted in a court of a crime punishable by a
> term of imprisonment exceeding one year, did knowingly and
> intentionally possess in and affecting commerce ammunition, to
> wit: a Jagemann 9mm Luger caliber cartridge casing.

The relevant statute that the defendant is charged with violating in both counts

of the Superseding Indictment is Title 18, United States Code, Section 922(g), which makes

it a federal crime for anyone who, knowing that he had previously been convicted of a felony

offense, knowingly and intentionally possesses a firearm or ammunition in and affecting

commerce.  The statute provides in relevant part:

> It shall be unlawful for any person . . . who has been convicted
> in any court of, a crime punishable by imprisonment of a term
> exceeding one year . . . to . . . possess in or affecting commerce,
> any firearm or ammunition[.]

5

To find the defendant guilty of Count One in the Superseding Indictment, the government must prove each of the following elements beyond a reasonable doubt:

**First**, that prior to July 20, 2018, the defendant knew that he had been convicted, in any court, of a crime punishable by imprisonment for a term exceeding one year;

**Second**, that on or about July 20, 2018, the defendant knowingly and intentionally possessed the firearm charged in the Superseding Indictment; and

**Third**, that the firearm the defendant is charged with possessing was shipped or transported in interstate commerce prior to the defendant's possession of it.

If the government fails to prove any one of these elements beyond a reasonable doubt, then you must acquit the defendant of Count One.

To find the defendant guilty of Count Two in the Superseding Indictment, the government must prove each of the following elements beyond a reasonable doubt:

**First**, that prior to July 20, 2018, the defendant knew that he had been convicted, in any court, of a crime punishable by imprisonment for a term exceeding one year;

**Second**, that on or about July 20, 2018, the defendant knowingly and intentionally possessed the ammunition charged in the Superseding Indictment; and

**Third**, that the ammunition the defendant is charged with possessing was shipped or transported in interstate commerce prior to the defendant's possession of it.

If the government fails to prove any one of these elements beyond a reasonable doubt, then you must acquit the defendant of Count Two.

I will now instruct you further as to each of these elements.

6

First Element: Prior Felony Conviction

The first element of both counts that the government must prove beyond a reasonable doubt is that prior to July 20, 2018, the defendant was convicted in any court of a crime punishable by imprisonment for more than one year, and that prior to July 20, 2018, the defendant knew that he had been convicted of such a crime.

To satisfy this first element, you must find beyond a reasonable doubt that the defendant was, in fact, convicted of that crime and that the conviction was prior to the possession of the weapon and ammunition as charged in the superseding indictment. The government must also prove that the defendant knew that the crime was punishable by imprisonment for more than one year. However, it is not necessary for the defendant to actually have been sentenced to imprisonment for more than one year.

The parties have stipulated, or agreed, that prior to July 20, 2018, the defendant was convicted in a court of a crime punishable by imprisonment for a term exceeding one year. The parties have also stipulated that prior to July 20, 2018, the defendant knew that he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year. Accordingly, you should regard these stipulated facts as true.

I instruct you that the defendant's prior conviction is an element of the charges. It is not disputed. It is to be considered by you only for the limited purpose of determining whether this first element is satisfied, and for no other reason. You are not to consider it for any other purpose. You are not to speculate as to what the conviction was for. It is not evidence that the defendant is of bad character or has a propensity to commit crime. You may not consider the prior conviction in any way in deciding whether or not the

government has proved beyond a reasonable doubt that the defendant was in possession of the gun or ammunition, which is disputed.

Second Element: Knowing and Intentional Possession of a Firearm or Ammunition

The second element of Count One of the Superseding Indictment that the government must prove beyond a reasonable doubt is that on or about July 20, 2018, the defendant knowingly and intentionally possessed the firearm charged in the Superseding Indictment.  The firearm described in Count One of the Superseding Indictment is a Sig Sauer 9mm handgun.  Thus, the government must prove beyond a reasonable doubt that on or about July 20, 2018, the defendant knowingly and intentionally possessed that specific handgun and that it constituted a firearm under the law.

A "firearm" is any weapon which will, or is designed to, or may readily be converted to, expel a projectile by the action of an explosive.  The term also includes the frame or receiver of any such weapon.

The second element of Count Two of the Superseding Indictment that the government must prove beyond a reasonable doubt is that on or about July 20, 2018, the defendant knowingly and intentionally possessed the ammunition charged in the Superseding Indictment.  The ammunition described in Count Two of the Superseding Indictment is a Jagemann 9mm Luger caliber cartridge casing.  Thus, the government must prove beyond a reasonable doubt that on or about July 20, 2018, the defendant knowingly and intentionally possessed this Jagemann 9mm Luger caliber cartridge casing and that this cartridge casing constituted ammunition under the law.

The term "ammunition" means ammunition or cartridge cases, also referred to as shell cases, primers, bullets, or propellant powder designed for use in any firearm.

8

With respect to both Counts One and Two of the Superseding Indictment, to be in "possession" of an object means that a person has the ability to control it.  An individual possesses an object if he has actual physical control over the object at any given time, such as by holding the object, or if he has the power and intention to exercise control over it, even though it is not in his physical possession.  Proof of ownership of the firearm or ammunition is not required.  Accordingly, for the government to meet its burden of proof on possession, you must find that on or about July 20, 2018, the defendant knowingly and intentionally possessed the specified firearm or ammunition.  This means that you must find that he possessed the firearm or ammunition knowingly and voluntarily, and not by accident or mistake.  Possession cannot be found solely on the basis that a person was near a firearm or ammunition or solely on the basis that a firearm or ammunition was accessible to him.

The government is not required to prove that, at the time of the possession, the defendant knew that he was breaking the law.  It is enough if you find that the defendant's possession was voluntary and knowing, and not by accident or mistake.

Third Element: Interstate Commerce

The third element of Count One of the Superseding Indictment that the government must prove beyond a reasonable doubt is that the defendant possessed the firearm in or affecting interstate commerce.

The third element of Count Two of the Superseding Indictment that the government must prove beyond a reasonable doubt is that the defendant possessed the ammunition in or affecting interstate commerce.

With respect to both counts, this means that the government must prove that at some time prior to the defendant's possession, the firearm or ammunition traveled —

9

meaning that it was shipped or transported — in interstate or foreign commerce.  The government may meet its burden with respect to this element by proving that at any time prior to July 20, 2018, the date charged in the Superseding Indictment, the firearm and ammunition crossed a state line or international border.

It is not necessary that the government prove that the defendant himself purchased the gun or ammunition in some other state or country nor that he carried it across a state or country line.  Nor must the government prove who purchased the gun or ammunition or who carried either across a state line or an international border or how either was transported.  It is also not necessary for the government to prove that the defendant knew that the firearm or ammunition had previously traveled in interstate or foreign commerce.

It is sufficient for the government to satisfy this element by proving that the firearm or ammunition had traveled across a state line or international border at any point in time prior to the defendant's alleged possession of it.

<u>Authority</u>

Adapted from charges of Hon. Edward R. Korman, <u>United States v. Tompkins</u>, 19-CR-170 (E.D.N.Y.); Hon. Raymond J. Dearie, <u>United States v. Lawrence</u>, 18-CR-527 (E.D.N.Y.); Hon. Brian M. Cogan, <u>United States v. Houston</u>, 08-CR-457 (E.D.N.Y.); Hon. Brian M. Cogan, <u>United States v. Wilson</u>, 08-CR-690 (E.D.N.Y.); Hon. I. Leo Glasser, <u>United States v. Davis</u>, 99-CR-830 (E.D.N.Y.); Hon. Jack B. Weinstein, <u>United States v. Walker</u>, 15-CR-388 (JBW) (E.D.N.Y.) (Jury Instructions For Phase Two of Trial); and <u>United States v. Gillam</u>, 994 F.2d 97 (2d Cir. 1993).

JOINT REQUEST NO. 5
(Testimony of Law Enforcement Witnesses)

You have heard the testimony of police officers and other law enforcement witnesses.  The fact that a witness may be a police officer or a member of law enforcement does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

Authority

Adapted from L. Sand, et al., Modern Federal Jury Instructions - Criminal, Instruction No. 7-16.

11

JOINT REQUEST NO. 6
(Stipulation of Facts)

A stipulation is an agreement among the parties that a certain fact is true.  You

should regard such agreed facts as true.

Authority

L. Sand, et al., Modern Federal Jury Instructions - Criminal, Instruction No. 5-
6.

12

JOINT REQUEST NO. 7
(Expert Witness)

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.  Nor should you substitute it for your own reason, judgment and common sense.  The determination of the facts in this case rests solely with you.

Authority

L. Sand, et al., Modern Federal Jury Instructions - Criminal, Instruction No. 7-21.

13

## JOINT REQUEST NO. 8
### (Defendant's Right Not to Testify)
### (If Applicable)

The defendant did not testify in this case.  Under our Constitution, he has no obligation to testify or to present any other evidence because it is the prosecution's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the prosecution throughout the entire trial and never shifts to the defendant.  The defendant is never required to prove that he is innocent, because he is presumed to be innocent under our law.  The defendant has the right to rely upon the failure of the prosecution to establish sufficient proof.  A defendant may also rely on evidence brought out on cross-examination of the government's witnesses.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

### Authority

Adapted from L. Sand, et al., Modern Federal Jury Instructions - Criminal, Instruction No. 5-21.

14

JOINT REQUEST NO. 9
(Testimony of Defendant)
(If Applicable)

In a criminal case, the defendant cannot be required to testify, but, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant decided to testify.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case.

However, the fact that he testified does not in any way remove or lessen the burden on the government to prove the charges beyond a reasonable doubt.  His decision to testify does not shift the burden of proof to him; it remains on the government.  Do not ask yourself whether his testimony convinces you of his innocence. Rather, you must consider all the evidence and lack of evidence presented, and then ask yourselves whether or not the prosecution has proven the charge contained in the indictment beyond a reasonable doubt.

Authority

L. Sand, et al., Modern Federal Jury Instructions - Criminal, Instruction No. 7-4.

15

JOINT REQUEST NO. 10
(Impeachment of Defendant – Previous Conviction)
(If Applicable)

As I just instructed you, the defendant in a criminal case never has any duty or obligation to testify or come forward with any evidence.  This is because the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent.

In this case, the defendant did testify and he was subject to cross-examination, like any other witness.  You have heard evidence that the defendant Alonzo Shipp was previously convicted of crimes.  You may use that evidence only to help you decide whether to believe his testimony and how much weight to give it.  The fact that he was previously convicted of a crime does not mean that he committed the crime charged here, and you must not use that evidence as any proof of the crime charged in this case.

Authority

Adapted from L. Sand, et al., Modern Federal Jury Instructions - Criminal, Instruction 2.16.

16

JOINT REQUEST NO. 11
(Redactions)
(If Applicable)

Among the exhibits received in evidence, there are some exhibits that are

redacted.  "Redacted" means that part of the document was taken out.  Any redacted portions

of any exhibit are not themselves evidence, and you are to concern yourself only with the

part of the exhibit that has been admitted into evidence.  You should not speculate as to why

the exhibit was redacted and what might be contained in any redacted portions of the exhibit.

Authority

Adapted from the charge of the Hon. Kiyo A. Matsumoto, United States v.
Greebel, 15-CR-637 (E.D.N.Y.); and the charge of the Hon. Kimba M. Wood, United States
v. Cespedes-Pena, 14-CR-520 (S.D.N.Y.).

JOINT REQUEST NO. 12
(Limiting Instruction on Prior Felony Conviction To Be Given At The Time The Stipulation
Regarding The Prior Felony Conviction Is Entered Into Evidence)

You have just heard a stipulation between the parties that the defendant was previously convicted of a crime.  I caution you that the conviction is only to be considered by you as one of the elements of the charge, and for nothing else.  You are not to consider it for any other purpose.  You are not to speculate as to what the conviction was for.  It is not evidence that the defendant is of bad character or has a propensity to commit crime.  You may not consider the prior conviction in any way in deciding whether or not the government has proved beyond a reasonable doubt that the defendant was in possession of the gun or ammunition, which is disputed.

Authority

Adapted from L. Sand, et al., Modern Federal Jury Instructions - Criminal, Instruction 35-48; Old Chief v. United States, 519 U.S. 172 (1997); United States v. Belk, 346 F.3d 305 (2d Cir. 2003).

18

GOVERNMENT REQUEST NO. 1[3]
(Reasonable Doubt)

Since, in order to convict the defendant of a given charge, the government is required to prove that charge beyond a reasonable doubt, the question then is: What is a reasonable doubt?  The words almost define themselves.  It is a doubt based upon reason.  It is doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision.

A reasonable doubt is not caprice or whim.  It is not speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  The law does not require that the government prove guilt beyond all possible doubt: proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to the defendant's guilt with respect to a particular charge against him, you must find the defendant not guilty of that charge.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt with respect to a particular charge against him, you should find the defendant guilty of that charge.

Authority

L. Sand, et al., Modern Federal Jury Instructions - Criminal, Instruction 4-2.

---

[3] The defendant proposes a different instruction on reasonable doubt, infra.

19

GOVERNMENT REQUEST NO. 2[4]
(Direct and Circumstantial Evidence)

In deciding whether or not the Government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly. For example, when a witness testifies to what he or she saw, heard or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun to rain.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, that it is not a matter of speculation or guess: it is a matter of logical inference.

---

[4] The defendant proposes a different instruction on direct and circumstantial evidence, infra.

20

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

<u>Authority</u>

L. Sand, <u>et al.</u>, <u>Modern Federal Jury Instructions - Criminal</u>, Instruction 5-2.

GOVERNMENT REQUEST NO. 3
(Purpose of the Statute)

Congress has passed laws criminalizing possession of a firearm and possession of ammunition by a previously convicted felon.  These laws are among a series of laws designed to give support to federal, state and local law enforcement officials in combating crime and violence.  In your role as jurors, you are not to be concerned with the wisdom or the policy of those laws.  If in fact a violation has occurred, the law should be enforced.

In general, these laws include provisions which prohibit certain categories of people from possessing or receiving firearms or ammunition which were shipped in interstate commerce.  The government contends that the defendant was within the class of people prohibited from possessing firearms or ammunition shipped in interstate commerce because he had been convicted of a crime punishable by a term of imprisonment of more than a year.

Authority

Adapted from L. Sand, et al., Modern Federal Jury Instructions - Criminal, Instruction No. 35-46.

22

GOVERNMENT REQUEST NO. 4
(Specific Investigative Techniques Not Required)
(If Applicable)

During the trial you have heard testimony of witnesses and argument by

counsel that the government did not utilize specific investigative techniques.  You may

consider these facts in deciding whether the government has met its burden of proof, because

as I told you, you should look to all of the evidence or lack of evidence in deciding whether

the defendant is guilty.  However, you also are instructed that there is no legal requirement

that the government use any of these specific investigative techniques to prove its case.  Law

enforcement techniques are not your concern.

Your concern, as I have said, is to determine whether or not, on the evidence

or lack of evidence, the defendant's guilt has been proved beyond reasonable doubt.

Authority

L. Sand, et al., Modern Federal Jury Instructions - Criminal, Instruction

No. 4-4.

GOVERNMENT REQUEST NO. 5
(All Available Evidence Need Not Be Produced)

Although the government bears the burden of proof, the law does not require the government to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter in issue at this trial.  Nor does the law require the government to produce as exhibits all papers and things mentioned during the course of the trial.

Authority

Adapted from the charge of Hon. Carol B. Amon, United States v. Mazella, 11-CR-300 (E.D.N.Y.).

24

GOVERNMENT REQUEST NO. 6
(Uncalled Witnesses Equally Available to Both Sides)
(If Applicable)

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify, and one or more of the attorneys has referred to their absence from the trial. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You also should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Authority

L. Sand, et al., Modern Federal Jury Instructions - Criminal, Instruction No. 6-7; see generally United States v. Erb, 543 F.2d 438, 444 (2d Cir. 1976).

25

GOVERNMENT REQUEST NO. 7
(Interview of Witnesses)
(If Applicable)

There was testimony at trial that the attorneys for the government interviewed witnesses when preparing for and during the course of the trial.  You must not draw any unfavorable inference from that fact.

On the contrary, attorneys are obliged to prepare their case as thoroughly as possible and one way to accomplish this is to properly interview witnesses before trial and as necessary throughout the course of the trial.

Authority

Charge of Hon. I. Leo Glasser in United States v. Brady, et al., 92-CR-792 (E.D.N.Y.).

DEFENSE REQUEST NO. 1[5]
(Direct and Circumstantial Evidence)

There are two types of evidence that you may properly use in deciding whether or not the government has met its burden of proof.  One type of evidence is called direct evidence.  Direct evidence is a witness's testimony as to what he or she personally saw, heard, or observed.  In other words, when a witness testifies about what is known from the witness's own knowledge, by virtue of his or her own senses, what he or she saw, felt, touched, or heard, that is called direct evidence.  When you hear direct evidence your responsibility is to decide whether that witness's testimony is credible or not.

The second type of evidence is circumstantial evidence.  Circumstantial evidence is evidence that tends to prove one fact indirectly, by inference from another fact.  The word "infer" or the expression "to draw an inference" means to find that a fact exists from proof of another fact.  For example, if a fact contested by the parties is whether it is raining right now, no one here can testify directly to that fact, sitting as we are in this windowless courtroom.  Assume, however, that, as we are sitting here, a person walks into the courtroom wearing a raincoat that is dripping wet and carrying an umbrella dripping water.  Based on these observations, we may infer that it is raining outside.  In other words, the fact of rain is an inference that could be drawn from the wet raincoat and the dripping umbrella.  However, based on that circumstantial evidence, you cannot say when the rain started, how long it rained for, or if the rain has now stopped.  You may draw an inference

---

[5] The government proposes a different instruction on direct and circumstantial evidence, supra.

only if it is logical and reasonable to do so.  In deciding whether to draw an inference, you must look at and consider all the facts in the light of reason, common sense, and experience.

The government may ask you to draw one set of inferences, while the defendant asks you to draw another, based on the same evidence.  Whether a given inference is or is not to be drawn is entirely a matter for you, the jury, to decide.  Please bear in mind, however, that an inference is not to be drawn by guesswork or speculation.  An inference is a deduction or conclusion that you, the jury, are permitted to draw—but are not required to draw—from the facts you find have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense in light of reason and your experience.

I remind you once again that you may not find the defendant guilty unless you are satisfied of his guilt beyond a reasonable doubt, whether based on direct evidence, circumstantial evidence, or the logical inferences to be drawn from such evidence.  Circumstantial evidence does not necessarily prove less than direct evidence, nor does it necessarily prove more.  You are to consider all the evidence and lack of evidence in the case, direct and circumstantial, in determining what the facts are and in arriving at your verdict.

Authority

Adapted from the charge of the Hon. Eric N. Vitaliano in United States v. Cantoni, 18 Cr. 562, ECF 95 at 26-30 ("However, from the direct evidence of your observation of a person entering the courtroom wearing a wet raincoat and carrying a wet umbrella alone, you could not infer exactly when the rain had started or for how long it had rained.") and the charge of the Hon. Dennis H. Hurley in United States v. Rodney Morrison, 04 Cr. 699 (DHH) (giving modified rain-umbrella example that allows for the possibility that the rain may have stopped, unlike the typical instruction); see also Ninth Circuit Pattern Charge 1.5; First Circuit Pattern Charge 3.05; United States v. Glenn, 312 F.3d 58, 70 (2d Cir. 2002) (reversing a conviction for insufficiency of evidence because the Government's

evidence gave nearly equal circumstantial support to a theory of innocence and holding "if the evidence, viewed in the light most favorable to the prosecution, gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, then a reasonable jury must necessarily entertain a reasonable doubt.").

<u>DEFENSE REQUEST NO. 2</u>[6]
<u>(Reasonable Doubt)</u>

I have said that in order for you to convict him, you must find that the government has proven Mr. Shipp guilty beyond a reasonable doubt.  The question naturally is: "What is a reasonable doubt?" The words almost define themselves.  It is a doubt based upon reason and common sense.  It is a doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt that would cause a reasonable person to hesitate to act in a matter of the highest importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely upon in making an important decision.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all doubt; proof beyond a reasonable doubt is sufficient.  This burden of proof never shifts to Mr. Shipp.  It is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt.

If, after fair and impartial consideration of all the evidence and any lack of evidence, you are satisfied of Mr. Shipp's guilt beyond a reasonable doubt, you should vote to convict.  On the other hand, if, after fair and impartial consideration of all the evidence and any lack of evidence, you have a reasonable doubt, it is your duty to acquit Mr. Shipp.

<u>Authority</u>
Adapted from L. Sand, et al., <u>Modern Federal Jury Instructions</u>, Instruction 4-2.

---

[6] The government proposes a different instruction on reasonable doubt, <u>supra</u>.

30

<u>DEFENSE REQUEST NO. 3</u>
<u>(Missing Witness Not Equally Available to Defendant)</u>
<u>(If Applicable)</u>

You have heard evidence about a witness who has not been called to testify. The defense has argued that the witness could have given material testimony in this case and that the government was in the best position to produce this witness.

If you find that this uncalled witness could have been called by the government and would have given important testimony, and that the government was in the best position to call him, but failed to do so, you are permitted, but you are not required, to infer that the testimony of the uncalled witness would have been unfavorable to the government.

<u>Authority</u>

Adapted from Sand, et. al., <u>Modern Federal Jury Instructions,</u> Instruction 6-5

31

<u>DEFENSE REQUEST NO. 4</u>
<u>(Impermissible to Infer Participation From Mere Presence)</u>

You may not infer that the defendant is guilty of participating in criminal conduct merely from the fact that he was present at the time the crime was being committed and had knowledge that it was being committed.

<u>Authority</u>

Sand et. al., <u>Modern Federal Jury Instructions,</u> Instruction 6-3.

DEFENSE REQUEST NO. 5
(Uncharged Acts)
(If Applicable)

You have heard argument by the government that Mr. Shipp was engaged in other criminal acts on July 20, 2018. He is not charged with and he is not on trial for committing any acts not charged in the indictment. You may not consider evidence of or argument about these other acts as a substitute for proof concerning the actual crimes charged. You may not consider evidence for or argument about other acts as proof that the defendant has a bad character or a propensity to commit crimes.

Remember, Mr. Shipp is on trial here only for the government's accusation that he violated the criminal possession of a firearm and ammunition statute, not for any other acts. Do not return a guilty verdict unless the government has proven the crimes charged in the indictment beyond a reasonable doubt.

Authority

Charge of the Honorable Edward R. Korman, *United States v. Terrel Tompkins*, 19 Cr. 170 (ERK); S1 Modern Federal Jury Instructions- Criminal 2.23 (2019).

33

<u>DEFENSE REQUEST NO. 6</u>
<u>(Impeachment by Felony Conviction – Non Defendant)</u>
<u>(If Applicable)</u>

You have heard the statements of a witness who was previously convicted of a crime punishable by more than one year in jail.  This prior conviction was put into evidence for you to consider in evaluating the credibility of those statements.  You may consider the fact that the witness who made those statements is a convicted felon in deciding how much of his testimony to accept and what weight, if any, it should be given.

<u>Authority</u>

Sand et. al., <u>Modern Federal Jury Instructions</u>, Instruction 7-12.

<u>DEFENSE REQUEST NO. 7</u>
<u>(Guilt or Innocence)</u>

Your function as jurors is to determine whether the government has proven

Mr. Shipp's guilt beyond a reasonable doubt as to each of the two counts of the Superseding

Indictment.  In your deliberations, you must ultimately decide whether the evidence

presented by the government demonstrates guilty beyond a reasonable doubt, not whether it

establishes innocence.

As I have already explained, a defendant is presumed to be innocent and that

presumption continues until and unless you become convinced that the government has

proven guilt beyond a reasonable doubt.  If the government does not bring forth proof raising

to the level of proof beyond a reasonable doubt, you must acquit Mr. Shipp.  That is so

whether or not you believe Mr. Shipp is actually innocent.

A defendant is never to be convicted on suspicion or conjecture.  Furthermore,

if you, the jurors, view the evidence as reasonably permitting either of two conclusions—one

of not guilty, the other of guilty—you must reach a verdict of not guilty.

Thus, it sometimes happens in American courtrooms that a jury returns a

verdict of not guilty even though everybody in the courtroom believes that the defendant

*might* be guilty.  What the jury is saying in those cases is not that the defendant is innocent

but rather that the government has failed to meet its burden of proving the defendant's guilt

beyond a reasonable doubt.  That is what our Constitution requires.

<u>Authority</u>

Adapted in part from 1 Devitt and Blackmar, Federal Jury Practice and
Instructions, § 12.10 (4th ed. 1992); "Procedure, Questions and Statements on Taking Pleas
of Guilty or Nolo Contendere of the Honorable Edward R. Korman (E.D.N.Y.).

<u>DEFENSE REQUEST NO. 8</u>[7]
<u>(Limiting Instruction on Government Allegation That Mr. Shipp Committed A Shooting)</u>[8]

You heard the government allege that Mr. Shipp shot Reginald Cooke. Mr. Shipp is not charged with a shooting and the question of who shot Reginald Cooke is not for you to decide in this trial. Any statement or allegation by the government that Mr. Shipp shot someone is not evidence. The only charges contained in the indictment, and, therefore the only charges before you as the jury in this case, are possession of a specific firearm and possession of a specific piece of ammunition, nothing else.

<u>Authority</u>

Charge of the Honorable Edward R. Korman, <u>United States v. Terrel Tompkins</u>, 19 Cr. 170 (ERK); S1 <u>Modern Federal Jury Instructions- Criminal</u> 2.23 (2019).

---

[7] The government objects to this proposed instruction, which goes well beyond Judge Korman's charge in <u>United States v. Tompkins</u>. <u>See</u> Tr. at 412:17-413:7, <u>United States v. Tompkins</u>, No. 19-CR-170 (ERK) (E.D.N.Y. Jan. 23, 2020).

[8] The defense respectfully requests that this limiting instruction be given after the government's opening statement if it contains an allegation that Mr. Shipp shot Reginald Cooke. If the government's opening statement does not contain that allegation, the defense asks that it be given at the first instance the government makes such an allegation and repeated as needed during the trial. By requesting this limiting instruction, the defense does not concede the propriety of the government making such an allegation to the jury at trial.

36

<u>PROPOSED VERDICT FORM</u>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA

      - against –

                             No. 19-CR-029 (S-1) (RPK)

ALONZO SHIPP,

          Defendant.

– – – – – – – – – – – – – – – – – – – X

<u>COUNT ONE</u>
(Felon in Possession of a Firearm)

1.      On COUNT ONE, how do you find the defendant ALONZO SHIPP?

NOT GUILTY _____ GUILTY _____

<u>COUNT TWO</u>
(Felon in Possession of Ammunition)

2.      On COUNT TWO, how do you find the defendant ALONZO SHIPP?

NOT GUILTY _____ GUILTY _____

<u>CONCLUSION</u>

The parties respectfully submit these instructions and proposed verdict form to

the Court.

Dated:      Brooklyn, New York
            October 9, 2020


                                            Respectfully submitted,


SETH D. DuCHARME                            Ashley M. Burrell
Acting United States Attorney               Deirdre D. von Dornum

By:      _____/s/_____          By:      _____/s/_____
         Philip Pilmar                           Federal Defenders of New York
         Michael W. Gibaldi                      Attorneys for Alonzo Shipp
         Assistant U.S. Attorneys                (718) 407-7408/330-1210
         (718) 254-6106/6067


cc:      Clerk of the Court (RPK)