ALB:PP/MWG
F. #2018R02382

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA

    - against -                                         No. 19-CR-029 (S-1) (RPK)

ALONZO SHIPP,

            Defendant.

– – – – – – – – – – – – – – – – X

## VOIR DIRE REQUESTS AND
## LIST OF NAMES AND PLACES

In accordance with Rule 24(a) of the Federal Rules of Criminal Procedure, the government respectfully requests that the Court include the following COVID-19 specific and case-specific questions in its voir dire of prospective jurors in addition to the Court's standard questions.[1] Where a prospective juror answers in the affirmative, the government further requests that the Court ask additional questions of the prospective juror to determine whether the juror can be fair and impartial in this case. The government also submits a list of potential witnesses, individuals and locations that may be mentioned at trial.

---

[1] The government understands that the Court sent a limited COVID-19 questionnaire to all jurors with their jury summons.

I. Statement of the Case

The defendant is charged with one count of being a felon in possession of a firearm, and one count of being a felon in possession of ammunition. Both charges are based upon a shooting which occurred in Queens in July 2018. These are simply unproven charges to which a defendant has pled not guilty, and no inference may be drawn against the defendant based on the existence of these charges.

II. Case-Specific Proposed Questions of Prospective Jurors

1. Will you agree to abide by the Court's COVID-19 protocols—including social distancing and properly wearing a mask—at all times in the courthouse during this trial?[2]

2. The right to a jury trial is critically important to both the accused and the government. Would you place blame on either the government or the defendant for sitting on a jury during the COVID-19 pandemic?

3. It is important that jurors take their obligations seriously and do not rush to a verdict for one side or the other. Would you feel pressure to return a verdict quickly and not fully deliberate due to the COVID-19 pandemic?

4. Do you have any bias, prejudice or other feelings for or against the United States Attorney's Office, the United States Department of Justice, the New York City Police Department ("NYPD") (including the 113th Precinct), the Bureau of Alcohol,

---

[2] The government respectfully requests that, at some point before asking this question, the Court explain to the jury the logistics of the trial including its approximate length, the number of people that will be in the courtroom during the trial, and the rules required by all individuals that enter the courthouse.

Tobacco, Firearms and Explosives (also known as "ATF"), or any other law enforcement agency?

5. The charge in this case involves the possession of a firearm and ammunition by an individual with a prior felony conviction. Do any of you believe that the possession of a firearm by a convicted felon should <u>not</u> be illegal, or that the laws governing this charged crime should not be enforced? Is there anything about the nature of firearms laws that would cause you to be unable to render a fair and impartial verdict in this case?

6. The evidence in this case involves a non-fatal shooting. Have you or any of your relatives or close friends been affected in any way by gun violence? Is there anything about the nature of the charges in this case that would cause you to be unable to follow the Court's instructions regarding the law or to render a fair and impartial verdict?

7. Have you, a family member or close friend ever been arrested, accused of, charged with, convicted of any crime or been the subject of a criminal investigation? Please describe. Do you feel that outcome was just? Is there anything about that experience that would make it difficult for you to evaluate the evidence in this case fairly and impartially?

8. Have any of you, or any of your relatives or close friends, had an experience with the Bureau of Alcohol, Tobacco, Firearms and Explosives, the New York City Police Department, the United States Attorney's Office, the United States Department of Justice, or any other local police or law enforcement agency that would cause you to be prejudiced against, or biased in favor of, witnesses who are law enforcement officers?

3

        9.      Do you have any prior specialized knowledge of ballistics or DNA evidence?

III.    <u>List of Names and Places</u>

    1.    <u>Defense</u>

        (a)    Alonzo Shipp (Defendant)

        (b)    Ashley Burrell, Esq. (Defense Counsel)

        (c)    Deidre von Dornum, Esq. (Defense Counsel)

    2.    <u>Prosecution</u>

        (a)    Philip Pilmar (Assistant U.S. Attorney)

        (b)    Michael Gibaldi (Assistant U.S. Attorney)

        (c)    Allen Bode (Assistant U.S. Attorney)

        (d)    Angelina Thompson (Paralegal Specialist)

        (e)    ATF Special Agent Kiran Mathew

3. <u>Potential Witnesses</u>

    (a) Police Officer Andrea Fico (NYPD)

    (b) Police Officer Connie Duncan (NYPD)

    (c) Police Officer Jennifer McKeon (NYPD)

    (d) Detective Patrick Nozdrovicky (NYPD)

    (e) Detective Daniel Gallagher (NYPD)

    (f) Detective Jeffrey Bahm (NYPD)

    (g) Special Agent Howard Stern (ATF)

    (h) Special Agent Kiran Mathew (ATF)

    (i) Meredith Napor (New York City Office of Chief Medical Examiner)

    (j) Police Officer Juan Arze (Richmond Police Department)

    (k) Darmindra "Satish" Samaroo

    (l) Roy Samaroo

    (m) Kishan Rajballi

    (n) Dawn Torres (Bestway Carting)

    (o) German Peralta (Bestway Carting)

    (p) Dr. Katherine McKenzie (Jamaica Hospital)

4. <u>Other Names or Companies You May Hear</u>

    (a) Reginald Cooke

    (b) Detective Sean Ring (NYPD)

    (c) Police Officer Edwin Vasquez (NYPD)

    (d) Police Officer Daniel Dongvort (NYPD)

    (e)    Police Officer James Hopkins (NYPD)

    (f)    Police Officer James Indelicato (NYPD)

    (g)    R&R Auto Repair & Collision

    (h)    BP Gas Station on Sutphin Boulevard and Foch Boulevard in Jamaica, NY

    (i)    Alexander Deli in Jamaica, NY

    (j)    Licona Grocery in Jamaica, NY

    (k)    Domingo Angeles

    (l)    Arlen Estrada Licona

    (m)    Wei Liu

5.    <u>Places</u>

    (a)    119th Avenue and Sutphin Boulevard in Jamaica, NY

    (b)    117-25 147th Street, Jamaica, NY

    (c)    147-26 147th Street, Jamaica, NY

    (d)    117-04 Sutphin Boulevard, Jamaica, NY

    (e)    118-07 Sutphin Boulevard, Jamaica, NY

    (f)    119-01 Sutphin Boulevard, Jamaica, NY

IV.     Conclusion

The government respectfully requests that the Court include the foregoing in its voir dire to the jury. In addition, the government requests the opportunity to submit further requests or to amend those submitted as appropriate.

Dated: Brooklyn, New York
         October 9, 2020

                                                   Respectfully submitted,

                                                   SETH D. DUCHARME
                                                   Acting United States Attorney


                                    By:            _____/s/_____
                                                   Philip Pilmar
                                                   Michael W. Gibaldi
                                                   Assistant U.S. Attorney
                                                   (718) 254-6106/6067