UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
USA,

              Plaintiff,

                                                  ORDER
      -against-                                  19-cr-29 (RPK)

ALONZO SHIPP,

              Defendant.
------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      This order denies defendant Alonzo Shipp's motion to compel at ECF No. 74. The United States has charged Alonzo Shipp with violating 18 U.S.C. § 922(g)(1). At trial, the government plans to introduce statements from an individual allegedly shot by the defendant (the "declarant"). Gov't's Mot. in Lim. at 1 (Dkt. #72). The government has disclosed some information to the defense about the declarant, but the defense protests that these disclosures are insufficient under *Giglio v. United States*, 405 U.S. 150 (1972). On October 6, 2020, the defense requested that this Court compel additional disclosures. Def.'s Mot. to Compel at 1 (Dkt. #74). Specifically, the defense sought:

      (1) Plea minutes for specific prior convictions for the declarant;
      (2) Judgments/disposition sheets for specific prior convictions for the declarant;
      (3) An official criminal history report for the declarant;
      (4) Whether prior arrests were sealed in exchange for cooperation with law enforcement;
      (5) The portion of a pre-sentence report that describes the declarant' criminal history;
      (6) Notes and reports of interviews with the declarant about the shooting;
      (7) Any social media or other public statements made by the declarant about the shooting.

*Id.* at 1-3.

      The first three requests are denied because the government has represented that it has produced, or is seeking to produce, the materials in question. The defense has notified the Court that the government has now provided the declarant's criminal history. Def.'s Ltr. at 4 (Oct. 18,

2020) (Dkt. #90). The government further states that while the plea minutes, judgment, and disposition sheets are public documents that the government does not have in its possession, it "will attempt to acquire these documents in advance of trial and if successful the government will produce them to the defendant." Gov't Ltr. at 1 (Oct. 13, 2020) (Dkt. #82).

The sixth request is also denied, because the government has represented that it "will produce any additional reports and notes" of interviews with the declarant "when it produces all 3500 material two weeks in advance of trial." *Id.* at 3.

The fourth, fifth, and seventh requests are denied because the government has represented that it has no information responsive to these requests. *Ibid*. The government's disclosure obligations "extend[] only to material evidence . . . that is known to the prosecutor." *United States v. Avellino*, 136 F.3d 249, 255 (2d Cir. 1998). The government has represented that it has no such evidence, and I rely on that representation. *See, e.g.*, *United States v. Weigand*, No. 20-CR-188 (JSR), 2020 WL 5105481, at *13 (S.D.N.Y. Aug. 31, 2020), *as corrected* (Sept. 2, 2020).

The defense shall file its response to the government's motion seeking to restrict impeachment of the declarant on or before October 23, 2020. The government shall submit its reply, if any, on or before October 28, 2020.

SO ORDERED.

                              /s/ Rachel Kovner
                            RACHEL P. KOVNER
                            United States District Judge

Dated:       October 20, 2020
              Brooklyn, New York